**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov



6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX

November 16, 2021

RE:     *Ray A. v. Kijakazi, Acting Commissioner of Social Security*[1]
        Civil Action No. GLS 20-1103

Dear Counsel:

Presently pending before this Court is Plaintiff Ray A.'s "Motion to Alter or Amend Judgment." ("Motion") (ECF No. 14). Plaintiff seeks reconsideration of the Court's Letter Order dated September 15, 2021, which granted the Motion for Summary Judgment filed by Defendant Social Security Administration ("the Agency") (ECF No. 13). The Defendant has filed its "Response to Plaintiff's Motion to Alter or Amend Judgment." (ECF No. 16). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. *See* L.R. 105.6. (D. Md. 2021). Upon further review, I agree that remand is necessary for the reasons set forth herein. Accordingly, Plaintiff's Motion is GRANTED.

I.      **BACKGROUND**

On April 20, 2020, Plaintiff Ray A. petitioned this Court to review the Agency's final decision to deny his claims for Supplemental Security Income (SSI) benefits. (ECF No. 1).[2] Plaintiff advanced two arguments on appeal, only one of which is directly challenged here: that the ALJ failed to address the medical opinion evidence of Dr. Parente, by failing to mention his medical report in finding that Plaintiff was not disabled. (ECF No. 11). In its summary judgment motion, the Agency countered that the ALJ's failure to explicitly address Dr. Parente's opinion constitutes harmless error. (ECF No. 12). After full briefing by the parties, this Court denied Plaintiff's summary judgment motion, granted the Agency's summary judgement motion, and affirmed the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 13). Subsequently, Plaintiff filed his Motion. (ECF No. 14).

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration, and is hereby substituted as a party consistent with Fed. R. Civ. P. 25(d).
[2] As set forth in this Court's Letter Order, Plaintiff received SSI benefits as a child upon a finding of disability. Plaintiff reached 18 years of age, and the Agency determined that he was no longer disabled. (ECF No. 13).

*Ray A. v. Kijakazi,* Civil Action No. GLS 20-1103
November 16, 2021
Page 2

## II.   DISCUSSION

In his Motion, Plaintiff asserts that there has been a change in controlling law, and that because this Court erred in how it characterized and considered Dr. Parente's opinion, the "interests of justice" require the Court to amend its judgment.  (Motion, pp. 3, 6).  Urging against reconsideration, the Agency relies generally on the Fed. R. Civ. P. 59(e) case law regarding when a court may grant a motion to amend/alter judgment, and asserts that the Court did not err.  (ECF No. 16).

Analyzing Fed. R. Civ. P. 59(e), a court will grant a motion for consideration: (1) to "correct manifest errors of law or fact or [2] to present newly discovered evidence," or "[3] where there has been an intervening change in controlling law." *Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018) (quoting *Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D. Md. 2001).

An ALJ's Residual Functional Capacity (RFC) determination should include a "narrative discussion describing how the evidence supports each conclusion citing specific medical facts . . . and nonmedical evidence." Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *7 (July 2, 1996).  The Fourth Circuit has held that a "proper RFC analysis has three components: (1) evidence; (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019).  An ALJ's opinion is supported by substantial evidence, when it "build[s] an accurate and logical bridge [between] the evidence [and the ALJ's conclusions]." *Arakas v. Cmm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)); *see also Petry v. Comm'r, Soc. Sec. Admin.*, No. 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (ALJ should build "an accurate and logical bridge from the evidence to his conclusion").

In determining whether substantial evidence supports the ALJ's finding on a Plaintiff's RFC, the Court must consider whether the ALJ analyzed all of the "relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3).  The law is clear that 20 C.F.R. § 416.927 governs an ALJ's evaluation of medical opinion evidence in an SSI case.  When evaluating the weight to afford a medical opinion, an ALJ considers the following non-exclusive factors:

> (1) whether the source of the information examined the claimant; (2) the treatment relationship between the source and the claimant, including consideration of the length and nature of that relationship; (3) the supportability of the source's opinion; (4) the consistency of the opinion with the record as a whole; (5) whether the source is a specialist; and (6) any other factors that tend to support or contradict the opinion.

*See* 20 C.F.R. §§ 416.927(c)(1)-(6)(March 27, 2017); *see also Goldboro v. Comm'r of Social Security*, Civ. No. 14-153, 2014 WL 6893772, at *4 (D. Md. Dec. 4, 2014).

*Ray A. v. Kijakazi,* Civil Action No. GLS 20-1103
November 16, 2021
Page 3

In addition, *Arakas* makes clear that the "treating physician rule" requires an ALJ to give "controlling weight" to the opinion of a treating physician "on the nature and severity of the claimant's impairment." 983 F.3d at 106. Relatedly, *Arakas* also makes clear that greater weight is generally given to the medical opinion "of a source who has examined the claimant." 983 F.3d at 110-111 (citing to 20 C.F.R. § 404.1527(c)(1)). If an ALJ decides not to assign "controlling" weight to that examining physician's opinion, then the ALJ must determine the appropriate weight to assign to that opinion, and must also "build and accurate and logical bridge" in writing between that opinion and the ALJ's conclusion. *Arakas*, 983 F.3d at 95.

In this case, Dr. Parente was, in fact, an examining physician. (Tr. 556-574). Thus, the ALJ should have given some weight to Dr. Parente's opinion. *See* 20 C.F.R. § 404.1527(c)(1)). In addition, the record is clear that the ALJ's decision does not ever mention the report/findings of Dr. Parente. (Tr. 17-25). I find that the ALJ's failure to do so does not constitute harmless error, in light of *Arakas*. The ALJ's failure to mention Dr. Parente and the weight (some, little, none) given to Dr. Parente's findings precludes this Court from determining whether substantial evidence exists to support the ALJ's ultimate finding of non-disability.

Therefore, on remand, the ALJ should consider and explain any impact that Dr. Parente's findings have on Plaintiff's case. In rendering a written decision, the ALJ must "build an accurate and logical bridge" between this evidence and the ALJ's conclusions. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

## III.   CONCLUSION

For the reasons set forth herein, Plaintiff's Motion, (ECF No. 14), is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Agency's judgment is REVERSED, due to inadequate analysis. The case is REMANDED for the ALJ to provide further analysis and explanation consistent with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

_____
/s/
The Honorable Gina L. Simms
United States Magistrate Judge